IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALKAWAY CANADA, INC., | § | |
| WALKAWAY USA, LLC, and | § | |
| ENTERPRISE FINANCIAL GROUP, INC., | § | |
| | § | No. 3:10-CV-2657-L (BF) |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| YOU WALK AWAY, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, C0NCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred Defendant You Walk Away, LLC's Motion for Costs and Attorneys' Fees and Motion to Stay Proceedings to the United States Magistrate Judge for findings and recommendation. After consideration of the Motions, Plaintiffs' Response, and Defendant's Reply, the Court finds the following:

**Background**

On March 17, 2010, Plaintiff Walkaway Canada filed a lawsuit against Defendant You Walk Away, LLC ("YWA") in the Northern District of Illinois (the "Illinois Complaint"). The Illinois Complaint alleged claims against YWA for: (I) trademark infringement, (ii) false designation of origin, (iii) deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, (iv) common law trademark infringement, and (v) common law unfair competition.

In response to the Illinois Complaint, YWA filed a Motion to Dismiss under Rule 12(b)(6) and, in the alternative, sought transfer of the action from the Northern District of Illinois to the Southern District of California. This motion was fully briefed by July 14, 2010. However, the

Illinois Court did not enter a decision on YWA's motion to dismiss or transfer.

While the Illinois Action was pending, Walkaway Canada discovered that Enterprise Financial Group ("EFG"), its licensee, as well as EFG's wholly owned subsidiary WALKAWAY USA, LLC ("WUSA") intended to file suit against YWA in the Northern District of Texas. Because Walkaway Canada's claims against YWA were substantially similar to those EFG and WUSA intended to assert, the parties agreed to combine their lawsuits.

On December 30, 2010, Plaintiffs Walkaway Canada, EFG, and WUSA filed this action in the Northern District of Texas (the "Texas Complaint"). The Texas Complaint alleges claims against YWA for: (i) federal trademark infringement, (ii) false designation fo origin, (iii) unfair competition, and (iv) common law trademark infringement. On January 3, 2011, Walkaway Canada filed its Notice of Voluntary Dismissal of the Illinois Complaint pursuant to Rule 41(a).

YWA now requests that Walkaway Canada be required to pay the attorneys' fees YWA incurred in defending the Illinois Action. YWA further requests a stay of the Texas Action until Walkaway Canada has paid those fees. YWA argues that because it is a California limited liability company based in San Diego, it was forced to hire legal counsel in Illinois, Marc Blumenthal. Mr. Blumenthal spent 71.6 hours reviewing document, conferring with YWA principals, conducting legal research, and preparing YWA's pleadings and other papers as well as other litigation efforts, including discovery, in the Illinois Action. YWA claims that of this 71.6 hours, only 12.05 hours can be considered of continuing utility in the Texas Action. The other hours were spent researching Illinois and Seventh Circuit law and filing motions based on that law. Finally, YWA argues that because Mr. Blumenthal is not admitted to the Northern District of Texas, his work and knowledge of the facts is of little, if any benefit to YWA in the Texas Action. Walkaway Canada contends that

2

the Fifth Circuit does not permit an award of attorneys' fees for dismissals under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

**Analysis**

Rule 41(d) provides:

> [if] a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceeding until the plaintiff has complied.

FED. R. CIV. P. 41(d). The award of costs under Rule 41(d) is at the Court's discretion. *Aten Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*, 261 F.R.D. 112, *121-22 (E.D. Tex. 2009). Although a showing of bad faith is not required for the Court to impose costs, a showing of good faith may be a factor in the Court's decision not to impose costs. *Id.* at *122.

Walkaway Canada argues that the Court cannot impose costs for voluntary dismissals made pursuant to Rule 41(a)(1)(A)(i). Under Rule 41(a)(1)(A)(i), a plaintiff may voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Walkaway Canada cites to several Fifth Circuit cases that say the court has no power to attach any conditions to dismissal, including the payment of attorneys' fees, when a plaintiff voluntarily dismisses a case. *See Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir. 1976); *Harvey Specialty & Supply, Inc. V. Anson Flowline Equipment Inc.*, 434 F.3d 320, 324 (5th Cir. 2005). However, all of these cases concern only the authority of the dismissing court (in this case, the Illinois Court) to impose conditions on dismissal, not the ability of another court to impose conditions on the maintenance of a new action. Rule 41(d) serves as a deterrent to forum shopping and does not distinguish between voluntary and involuntary dismissals. Thus, this Court retains the authority to award attorneys' fees as a condition to bringing the new

action. *See Aten Int'l Co. Ltc.*, 261 F.R.D. at *121-22 (acknowledging the court's authority to grant costs under Rule 41(d) for a voluntarily dismissed action but declining to exercise its discretion to do so); *G.C. & K.B. Invs., Inc. v. Fisk*, No. 01-1256, 2002 WL 27772, *7 (E.D. La. Jan. 8, 2002) (acknowledging the court's authority to grant costs under Rule 41(d) for a voluntarily dismissed action but declining to exercise its discretion to do so); *see also Hayes v. Bank of America*, No. 4:10-CV-1708, 2011 WL 148277, *1 (E.D. Mo. Jan. 18, 2011) (granting motion to dismiss under Rule 41(a)(1)(A)(I) but conditioning any refiling on plaintiffs' payment of attorneys fees to defendants); *Ashford Fin. LLC v. Anhui Tech. Imp. and Exp.*, No. 09 Civ. 7975, 2010 WL 4450910, *2 (S.D.N.Y. Oct. 22, 2010) ("this case should be considered voluntarily dismissed under Rule 41(a)(1)(A), subjecting [plaintiff] to the provisions of Rule 41(d)").

Walkaway Canada does not dispute that the claims brought in the Illinois Complaint are substantially the same as those in the Texas Complaint. Therefore, the Court may award attorneys' fees incurred by Defendant in the Illinois Action if it deems such award appropriate.

The Court finds that Walkaway Canada's actions were not taken in bad faith. First, at the time of dismissal, the Illinois case was at the very early stages of proceedings. Second, by joining in this action with EFC and WUSA, Walkaway Canada not only reduces its own cost of litigation, but also lowers YWA's costs, as YWA will not have to defend itself in two separate lawsuits filed in two different forums. However, the Court also finds that Mr. Blumenthal, YWA's Illinois counsel, performed some work that is of no continuing utility in the Texas Action. According to billing records, Mr. Blumenthal spent 38.30 hours on work related to YWA's motion to dismiss and motion to transfer the case to the Southern District of California. (Df. Mot. Exhibit 1.) The Court finds that the work surrounding the dismissal motion was substantially related to Illinois and Seventh Circuit

4

law and is of little value in the Texas Action. Furthermore, the motion to transfer venue is completely irrelevant to the new action brought in Texas. Therefore, the Court believes YWA is entitled to recover $12,447.50 in attorneys' fees.[1] The Court does not believe a stay of proceedings is necessary at this time.

### Recommendation

The Court recommends that Defendant's Motion for Costs and Attorneys' Fees be GRANTED and Defendant's Motion to Stay Proceedings be DENIED.

SO RECOMMENDED, May 12, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] This amount reflects 38.30 hours of work at a rate of $325 per hour.

# **INSTRUCTIONS FOR SERVICE AND<br>NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).