IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WALKAWAY CANADA INC., et al.**, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. **3:10-CV-2657-L** |
| | § | |
| **YOU WALK AWAY, LLC**, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Before the court is: (1) Defendant You Walk Away, LLC's Motion for Costs and Attorneys' Fees; and (2) Motion to Stay Proceedings, both filed February 21, 2011. The court referred the motions to United States Magistrate Judge Paul D. Stickney for hearing and determination. On May 12, 2011, the magistrate judge entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"). The parties filed no objections to the Report.

These motions arise out of a lawsuit that Plaintiff Walkaway Canada, Inc. ("Walkaway") filed against Defendant You Walk Away, LLC ("YWA") on March 17, 2010, in the Northern District of Illinois. While the Illinois action was pending, Walkaway learned that its licensee Enterprise Financial Group ("EFG"), as well as EFG's wholly owned subsidiary Walkaway USA, LLC, intended to file suit against YWA in the Northern District of Texas. Because the claims were substantially similar, the parties agreed to combine their lawsuits.

On December 30, 2010, Plaintiffs filed this action and, on January 3, 2011, Walkaway filed a notice of voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure in the Illinois action. As a result, a portion of the legal work that YWA purchased to defend in the Illinois action was wasted, because it focused on legal research of Illinois and Seventh Circuit law and

**Order – Page 1**

resulted in two motions filed in reliance upon such law. Moreover, the attorney retained by YWA in the Illinois action is not admitted to practice law in the Northern District of Texas, and his work and knowledge of the facts in this action are now of little, if any, benefit to YWA. YWA accordingly seeks recovery of its attorney's fees spent on defending in the Illinois action pursuant to Rule 41(d).

Magistrate Judge Stickney recommends that the court grant the motion for costs and attorney's fees, and deny the motion to stay proceedings. The award of costs under Rule 41(d) is at the court's discretion, and it serves as a deterrent to forum shopping that does not distinguish between voluntary and involuntary dismissals. The magistrate judge determined that Defendant is entitled to recover $12,447.50 in attorney's fees, which reflects 38.30 hours of legal work at a rate of $325 per hour, for work that is of no continuing utility to YWA in this Texas action. The magistrate judge further determined that a stay of proceedings is unnecessary.

Having reviewed Defendant's motions, the response, reply, record, Report, and applicable law, the court determines that the magistrate judge's findings and conclusions are correct. They are therefore **accepted** as those of the court. The court accordingly **grants** Defendant You Walk Away, LLC's Motion for Costs and Attorneys' Fees, and **denies** Defendant's Motion to Stay Proceedings. Defendant You Walk Away, LLC is entitled to and shall recover **$12,447.50** in attorney's fees from YWA, which reflects a reasonable cost for the type and amount of legal work performed in this action.

**It is so ordered** this 20th day of June, 2011.

Sam A. Lindsay
United States District Judge